LOEB, In re. See Case No. 1,057.

LOEB (BAILEY v.). See Case No. 739.

LOEB (HAVEMEYER v.). See Case No. 6,227.

## Case No. 8,461a.

### LOEWENSTEIN v. BIERNBAUM et al.

[8 Wkly. Notes Cas. 163; 9 Reporter, 402.] [1]

Circuit Court, E. D. Pennsylvania. Feb. 27, 1880.

EQUITABLE JURISDICTION — WRIT OF NE EXEAT — REV. ST. 1875, P. 136, § 717.

1. A writ of ne exeat cannot be issued unless the defendant designs quickly to depart from the United States.

2. Circumstances where the writ will be granted discussed.

3. Quaere, whether the district judge sitting as a circuit judge can' issue the writ.

Sur motion to issue writ of ne exeat; and motion to quash said writ. The bill, filed Feb. 24, 1880, by Loewenstein against Marcus Biernbaum, his wife, his brother Henry

---

[1] [Reported by L. S. B. Sawyer, Esq., and here reprinted by permission.]

[1] [9 Reporter, 402, contains only a partial report.]

Biernbaum, and his brother-in-law Abraham Mausbach, set forth: That the complainant had obtained a decree against Biernbaum. a resident of Philadelphia, in a suit against the latter in common pleas No. 4, requiring Biernbaum to pay him the sum of $21,118.10; that upon the entry of this decree, Biernbaum, with his wife, had changed their residence to the city of New York; that a fi. fa. had issued upon the decree, and was returned nulla bona. The bill averred that M. Biernbaum's co-defendants had conspired with him to convey and transfer all of his property, without consideration, in fraud of the plaintiff's rights, and to enable Biernbaum in reality to retain the control of his property while evading execution on his debt to the plaintiff, and particularly that he had fraudulently conveyed valuable real estate in Colorado to the defendant, Abraham Mausbach, who was his confidential clerk, who immediately reconveyed this property to Biernbaum's wife, in whose name it then stood. The bill further averred that Mausbach was a resident of Colorado, and if casually here would immediately depart the jurisdiction, unless restrained by a writ of ne exeat, which process, amongst other relief, the bill prayed. The bill was served upon Abraham Mausbach, whereupon the plaintiff, having filed an affidavit stating these facts, moved for the writ of ne exeat to issue.

A. Sydney Biddle, for the motion to issue writ.

BUTLER, District Judge. The provision in the Revised Statutes (Rev. St. 1875, p. 136, § 717), requires that the suit should be begun before the writ shall be granted.

The bill has been filed, and Mausbach served.

BUTLER, District Judge. The language of the act is that "writs of ne exeat may be granted by any justice of the supreme court in cases where they might be granted by the supreme court, and by any circuit justice or circuit judge in cases where they might be granted by the circuit courts of which he is a judge." A strict construction would probably authorize the circuit justice, Judge Strong, or the circuit judge, Judge McKennan, only to issue the writ, and not the district judge, even though the latter be sitting as a judge of the circuit court.

The act, being remedial, cannot be construed in a way which would deprive the plaintiff of all substantial benefit. Moreover, in the case of Union Mut. Life Ins. Co. v. Kellogg [Case No. 14,373], Cadwalader, district judge, granted a writ of ne exeat.

BUTLER, District Judge. Has notice been given of this application?

No; because that would probably defeat the object of the motion.

THE COURT. Upon the authority of the case of the Union Mut. Life Ins. Co. v. Kellogg, in which Cadwalader, district judge, sitting alone, issued the writ, I will make the order requested, with leave to the defendant

to move to quash the writ upon notice to the plaintiff's counsel.

The writ was accordingly issued and served upon the same day; whereupon—

R. P. White (G. H. Earle, Jr., and Byron Woodworth, with him), for defendant Mausbach, moved to quash the writ.

A discussion of the merits is immaterial, for Rev. St. U. S. 1875, § 717, provide that "no writ of ne exeat shall be granted unless a suit in equity is commenced, and satisfactory proof is made to the court or judge, granting the same, that the defendant designs quickly to depart from the United States." The allegation here is merely that the defendant intends to withdraw from this district, but not from the United States.

(The order and writ in the case of Union Mut. Life Ins. Co. v. Kellogg were here produced in court, and it appeared that both provided that the defendant therein should not go beyond the limits of the Eastern district of Pennsylvania.)

BUTLER, District Judge. Unless this language in the statute be explained, the writ must be quashed. Though I had the statutes before me in issuing the writ, and adverted to the first sentence of section 717, Rev. St. U. S. 1875, the second sentence escaped my observation. The point is unexpected; and in view of the decision of Cadwalader, J., supra, I will discharge the defendant upon his giving bail in $2,000 to appear on February 27, before the court.

On February 27 the case was called for argument.

A. Sydney Biddle, for plaintiff. The language of the statute cited by counsel for the defendant certainly restricts the power of the court to cases where the defendant designs quickly to depart from the United States. The point was overlooked in view of the decision in the Union Mut. Life Ins. Co. v. Kellogg [supra]. The statute was similarly overlooked by Cranch, circuit judge, in Patterson v. McLaughlin [Case No. 10 828]. in which case defendant was restrained by ne exeat from leaving the District of Columbia to settle in Maryland. The language of the Revised Statutes is substantially the same as that of the act of March 2, 1793. c. 22, § 5 (1 Stat. 334), which was passed long prior to the decision by Cranch, J. The language of the statute is, however, plain, and we admit that the writ must be quashed.

THE COURT (BUTLER, District Judge, orally). When the motion to issue the writ was made, I felt a doubt as to my power to issue it, founded upon the first sentence of section 717, Rev. St. U. S. 1875. It may be said that the district judge, though sitting as circuit judge, is not designated by the act, which defines the power of the court to issue the writ. I will not say that this doubt would have prevented my issuing it, but I may say that I had a shadow of doubt as

to my authority. I issued the writ, however, without adverting to the second sentence of the same section, though I had the act before me, upon the authority of the case before Cadwalader, J. It is now frankly ·conceded by counsel that the language of the act does not authorize the writ. This renders it unnecessary to examine the merits of the case. It may be, indeed, doubted whether if the court had jurisdiction, the case is one which calls for this extraordinary remedy. The defendant here is alleged to have rendered himself liable to the plaintiff, by aiding Biernbaum, the plaintiff's creditor, to fraudulently convey his property. But Mausbach is not represented as now holding any of the defendant's property, it being averred that he has conveyed that of which he is alleged to have fraudulent possession, to Mrs. Biernbaum. The writ issues where the plaintiff has a plain demand against the defendant. It may be that the property in controversy will be recovered by the plaintiff, and then his claim against Mausbach .would be but nominal. I do not put the decision upon this ground, but merely say that the case would be one of great doubt, even if the question of jurisdiction were not decisive. Writ quashed.

NOTE. As to the want of power of a U. S. district judge to issue a writ of ne exeat. see Gernon v. Borcaline [Case No. 5.367]. In the early history of Pennsylvania, writs of ne exeat provincia were frequent. Rawle, Eq. 40, 44. The subsequent instances in which it has been issued by a state court are very few. It is believed there are but two reported cases, viz.: Torlade v. Barrozo, 1 Miles. 385, and Dransfield v. Dransfield. 6 Phila. 143. In the latter case it was said that "our act to abolish imprisonment for debt confines this class of cases within a very narrow compass." See Brightly, Eq. Jur. p. 611; 3 Daniell, Ch. Prac. 1801, note. For cases in New York and other states. see note to Adams. Eq. *360. For form of writ. affidavit. and order. see 3 Daniell, Ch. Pl. & Prac. pp. 1812, 2180, 2326.